**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SHERRY FRANKE,** *ET AL.*                                              **PLAINTIFFS**

**VS.**                          **4:20-CV-01310-BRW**

**THE CITY OF LITTLE ROCK,** *ET. AL.*                          **DEFENDANTS**


**ORDER**

    Pending is Defendants' Motion for Summary Judgment (Doc. No. 22).  Plaintiffs have responded and Defendants have replied.[1]  For the reasons stated below, the motion is GRANTED.

**I.      BACKGROUND**[2]

    On August 21, 2020, Little Rock Police Officer Colclough responded to a forgery in progress at Centennial Bank North Rodney Barham Road in Little Rock, Arkansas.  When she arrived at the bank, the suspect was parked in the bank's drive through lane.  When Officer Colclough drove around to the drive through lane, and exited her patrol vehicle, the suspect reversed his vehicle and fled.  Officer Colclough pursued.  As the chase continued, the suspect lost control of his vehicle and collided with a car driven by Kenneth Franke.  Plaintiff Kalob Franke was a passenger.  The suspect and Kenneth Franke died as a result of the collision, and Kalob Frank was seriously injured.

    Plaintiffs claim that the City of Little Rock, through the Little Rock Police Department ("LRPD") has an unconstitutional pursuit policy that violated Kenneth Franke and Kalob Franke's Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments.  Additionally, Plaintiffs allege that  the LRPD has a pattern and practice of being deliberately indifferent to the

---

[1]Doc. Nos. 28, 32.

[2]Unless otherwise noted, the Background is from the concise statements of undisputed material facts (Doc. Nos. 23, 29).

car accidents that result from police pursuits, and allege the LRPD failed to adequately train

Officer Colclough on the pursuit policy. Plaintiffs also allege state law claims under the

Arkansas Civil Rights Act, and the torts of outrage and negligence.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[3]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

extreme remedy that should be granted only when the movant has established a right to the judgment

beyond controversy.[5]  Nevertheless, summary judgment promotes judicial economy by preventing

trial when no genuine issue of fact remains.[6]  I must view the facts in the light most favorable to the

party opposing the motion.[7]  The Eighth Circuit has also set out the burden of the parties in

connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
> in fact bears out the claim that no genuine dispute exists on any material fact, it is
> then the respondent's burden to set forth affirmative evidence, specific facts,

---

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

## III.   DISCUSSION

### A.      Arkansas Civil Rights Act Claims

The Arkansas Civil Rights Act directs Arkansas courts to "look for guidance to state and federal decisions interpreting the Civil Rights Act of 1871, as amended and codified in 42 U.S.C. § 1983."[10]  I, therefore, analyze Plaintiff's federal and state claims co-extensively using federal standards.[11]

### B.      42 U.S.C. 1983 Claims

A plaintiff proceeding under § 1983 must prove that (1) the defendant acted under color of state law, and (2)the alleged wrongful conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States.[12]  Defendants seek summary judgment, asserting that Plaintiffs are unable to show that Officer Colclough's conduct amounted to a violation of Defendants' constitutional rights.  Defendants also argue that Plaintiffs cannot

---

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

[10]Ark. Code Ann. § 16-123-105(c).

[11] See *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 n.3 (8th Cir. 2000) ("Claims premised under the Arkansas Civil Rights Act of 1993 are analyzed in the same manner as [federal] claims.") (citing Ark. Code Ann. § 16-123-103(c)); see also *Hess v. Ables*, 714 F.3d 1048, 1054 (8th Cir. 2013) (holding that "because [the appellant] did not explain why [her] ACRA claims warranted separate analysis, the district court did not err in dismissing the ACRA claims alongside the § 1983 claims') (citing *Lewis v. Jacks*, 486 F.3d 1025, 1030 (8th Cir. 2007)).

[12]See *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

demonstrate the existence of an unconstitutional policy, practice, or custom that caused the alleged injury.

In response, Plaintiffs concede to the dismissal of their § 1983 claims against individual defendants Colclough, Humphrey, and Scott, but contend that their § 1983 claims against the City of Little Rock based on its allegedly unconstitutional pursuit policy and failure to train theories should be allowed to proceed to trial.  However, in the Eighth Circuit, for municipal liability to attach, individual liability first must be found on an underlying substantive constitutional violation.[13]  Since Plaintiffs concede no individual violated Plaintiffs' constitutional rights in this case, the City of Little Rock cannot be held liable on either theory.

## C.      State Tort Claims

Because all of Plaintiffs' federal claims have been dismissed, pendant jurisdiction is lacking and the tort claims must be dismissed without prejudice.

## CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment (Doc. No. 22) is GRANTED.  Plaintiffs' Arkansas Civil Rights Act and § 1983 claims are DISMISSED with prejudice.  Plaintiffs' state tort claims are dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED this 21st day of December, 2021.

                                        BILLY ROY WILSON
                                        UNITED STATES DISTRICT JUDGE

---

[13] *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005).